[No. 11340.    Department Two. — May 29, 1888.]

## T. HAMIL, APPELLANT, v. R. H. McILROY, RESPONDENT.

ASSIGNMENT — JUDGMENT — WANT OF CONSIDERATION. — The assignment of the judgment in question *held* to have been made to the defendant without consideration, and for the purpose of holding the same as a trustee for the plaintiff.

ID. — SET-OFF OF JUDGMENTS — PROCEEDING FOR — RES ADJUDICATA. — The action was brought to compel the defendant to reassign to the plaintiff, Hamil, a judgment which he had recovered against one Watson, on the 12th of May, 1884, and which on the same day he had assigned to the defendant, McIlroy. The reassignment was claimed on the ground that the original assignment to the defendant was without consideration.  On March 20, 1883, one Dufresnoy recovered a judgment against Hamil, and assigned it to one Briggs, who filed a petition in the superior court, joining Dufresnoy with him, asking that the judgment against Watson be set off by the judgment in favor of Dufresnoy, because Watson was the nominal and Dufresnoy the real party in the action of *Hamil v. Watson.* The court denied the petition, finding that the judgment in favor of Hamil had been assigned to McIlroy, and could not be offset because it was for the value of property which was exempt from execution. *Held,* that the proceeding to set off the judgment was not *res adjudicata* of any issue in the present case.

APPEAL from a judgment of the Superior Court of San Benito County.

The facts are stated in the opinion of the court.

*N. C. Briggs,* for Appellant.

*Montgomery & Scott,* and *B. B. McCroskey,* for Respondent.

SHARPSTEIN, J.—On May 12, 1884, appellant recovered a judgment against one Watson for $111.30, and on

the same day assigned it to respondent. Afterward appellant demanded a reassignment of said judgment by respondent to him, appellant, which respondent refused to make. Appellant brought this action to compel respondent to assign said judgment to him, appellant, and among other things alleges that said assignment from him to respondent was made without consideration, and that respondent holds the same merely as trustee for appellant. Respondent, in his answer, denied that allegation, and alleged that there was a full and valuable consideration for said assignment. And for a further defense alleged that the same matter was adjudged between the same parties in an action in the superior court of San Benito County.

The court found that appellant recovered judgment as alleged in his complaint, and that he assigned it to respondent. "That at the time of said assignment, there were unsettled demands existing between appellant and respondent, and among them advances made by respondent to and for appellant's benefit in prosecuting said action above named; that these advances, and said unsettled demands were the only consideration for said assignment."

The next finding is, that after said assignment was made appellant commenced an action against respondent, and recovered a judgment against him for the sum of twenty-eight dollars, and that in said action respondent filed a counterclaim for his said demands against appellant, which were allowed by the court. "That in said action no credit was given to Hamil, plaintiff, for said judgment, or the assignment thereof; nor was the same in any manner litigated or alleged in' said action, and said defendant, McIlroy, has never paid to plaintiff, Hamil, anything for or on account of said judgment, or the assignment thereof."

These findings show that the assignment was made without any consideration, and appellant is entitled to a

reassignment, unless the defense of *res adjudicata* is sustained by the facts found. On that issue the finding is, that on March 20, 1883, one Dufresnoy recovered a judgment against Hamil, and assigned it to one N. C. Briggs, who filed a petition in the superior court of San Benito County, joining Dufresnoy with him, asking that the judgment against Watson be set off by the judgment against the judgment in favor of Dufresnoy to the amount of eighty-seven dollars, because Watson was the nominal and Dufresnoy the real party in the action of *Hamil* v. *Watson.* Hamil appeared in the proceeding, and joined in the petition of Briggs and Dufresnoy in asking that the judgment be set off. The court denied the prayer of the petitioner, finding, as the record shows, that the judgment in favor of Hamil was by him in due form assigned to one R. H. McIlroy. Whether for the purpose of collection or control did not appear on the hearing of the motion, but the assignment will be by the court, as it was by counsel, treated as for a valuable consideration.

The record further shows that the court then proceeded to find and based its decision on the fact that the judgment rendered against Watson was for the value of property which was exempt from execution in favor of Hamil, and the judgment therefor was also exempt in the hands of Hamil's assignee, and could not be offset.

We think the refusal of the court to allow Hamil's judgment against Watson to be set off against Dufresnoy's judgment against Hamil did not involve the issue in this case, and as it did not, the other facts found entitle appellant to the relief prayed in his complaint.

Judgment reversed, and the court below is directed to enter judgment upon the findings in favor of the plaintiff as prayed in his complaint.

McFARLAND. J., THORNTON, J., and SEARLS, C. J., concurred.